ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JERRY THOMAS McCREARY, #1201405, ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> NATHANIEL QUARTERMAN, Director, ) <br> Texas Department of Criminal Justice, ) <br> Correctional Institutions Division, ) <br> Respondent.[1] ) | 3:06-CV-0192-P <br> ECF |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Clements Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Amarillo, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process in this case pending preliminary screening.

Statement of the Case: Petitioner pled guilty to murder in the 283rd Judicial District

---

[1] Effective June 1, 2006, Nathaniel Quarterman was named Director of the Texas Department of Criminal Justice, Correctional Institutions Division. The caption is being changed pursuant to Fed. R. Civ. P. 25(d).

Court of Dallas County, Texas, in cause number F02-54166-T. (Petition (Pet.) at 2-3). On October 24, 2003, punishment was assessed at fifteen years imprisonment. (Id.). Petitioner did not appeal from the judgment of conviction. (Id. at 3).

On August 16, 2005, he filed a state application for a writ of habeas corpus pursuant to article 11.07, Texas Code of Criminal Procedure. See Attachment I (for filed stamped copy of art. 11.07 application). The Texas Court of Criminal Appeals denied the application without written order on October 5, 2005. (Pet. at 4).[2]

In his federal petition, filed on January 30, 2006, Petitioner alleges he received ineffective assistance of counsel, and insufficient evidence supported his conviction.[3]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). The district court may raise the affirmative defense of the statute of limitations *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).[4]

The one-year period is calculated from the latest of either (A) the date on which the

---

[2]   See also Ex parte McCreary, No. WR62,974-01, www.cca.courts.state.tx.us /opinions/Case.asp?FilingID=237631 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals on February 2, 2006).

[3]   For purposes of this recommendation, the petition is deemed filed on January 25, 2006, the date on which Petitioner signed it and presumably placed it in the prison mail. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[4]   On February 2, 2006, the Court informed Petitioner of the one-year statute of limitations and granted him thirty days to show cause why the petition should not be dismissed as barred by the limitation period. Petitioner filed his response to the show cause order on February 15, 2006.

judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See id. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not file a direct appeal. As a consequence, his conviction became final on November 23, 2003, thirty days after the judgment was entered. See Tex. R. App. P. 26.2(a)(1) (effective Sept. 1, 1997); see also Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000). The one-year period began to run on November 24, 2003, the day after his conviction became final, see Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998), and expired on November 23, 2004. Petitioner did not file his federal habeas petition until January 25, 2006, more than fourteen months after the running of the one-year limitation period. Although 28 U.S.C. § 2244(d)(2)

3

tolls the limitation period during the pendency of state habeas proceedings, see Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner's state habeas application was not pending in state court during the one-year limitation period. Flanagan, 154 F.3d at 202. As noted above, Petitioner did not file his state application until August 15, 2005, more than eight months after the expiration of the one-year period. See Scott, 227 F.3d at 263 (state habeas application did not toll limitation period for filing federal habeas petition where it was not filed until after federal limitation period had expired). Therefore, the federal petition is clearly untimely absent equitable tolling.[5]

Petitioner does not request equitable tolling of the limitation period. Nevertheless, his pleadings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances" warranting equitable tolling. See Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998). Nor do they establish that Petitioner diligently pursued his rights. See United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). It is now well established that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).

Petitioner's own allegations reflect that this case does not present the type of

---

[5] In response to the Court's show cause order, Petitioner states that his art. 11.07 application was filed on August 3, 2005. (Pet's Response at 1). Insofar as he urges the Court to find his state application filed as of the date he placed it in the prison's mail system on August 3, 2005, the federal petition would nevertheless be time barred and equitable tolling would not apply as set out more fully below. See Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (declining "to extend the mailbox rule to the determination of filing dates for state habeas applications . . . ." and noting that the proper inquiry is "whether the prisoner is entitled to equitable tolling").

4

extraordinary circumstances and due diligence required for equitable tolling. See Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000). Petitioner delayed the filing of his art. 11.07 application by 8 months and 24 days after the expiration of the one-year period. Following the denial of his art. 11.07 application, he waited an additional three months and twenty days before submitting this federal petition for filing. These delays – clearly of Petitioner's own making – do not evince due diligence. "[E]quity is not intended for those who sleep on their rights. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the habeas corpus petition be dismissed with prejudice as barred by the one-year limitation period. 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 1st day of August, 2006.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

5

**ATTACHMENT  I**

W02- 54166-T(A)

Cause No. F02-54166-T
(The Clerk of the convicting court will fill this line.)

**COURT OF CRIMINAL APPEALS OF TEXAS**

**APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07**

FILED
AUG 16 2005
JIM HAMLIN
DIST. CLERK, DALLAS CO., TEXAS
_____ DEPUTY

JERRY THOMAS MCCREARY                        11/08/1963
**NAME OF APPLICANT** (Please print full name)         **DATE OF BIRTH**

DICK WARE UNIT                    # 1201405
**PLACE OF CONFINEMENT**              **TDCJ-ID NUMBER**

(1) What court entered the judgment of conviction you want relief from?
(Give the number and county of the court.)

283rd DISTRICT COURT
DALLAS COUNTY TEXAS

(2) What was the cause number in the trial court? F02-54166

(3) What was the trial judge's name? JUDGE CUNNINGHAM

(4) What was the date of judgment? 10-24-03

(5) What was the length of sentence? 15 YEARS AGG.

(6) Who assessed punishment? (Check one)    (a) Judge (X); (b) Jury ( )

(7) What offense or offenses were you were convicted of (all counts)?

MURDER

Misc. Docket No. 00-100          Page 2 of 10                    00002

(8) What was your plea? (Check one)

    (a) Not guilty      ( )
    (b) Guilty      (X)
    (c) Nolo Contendere      ( )

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: N/A

(9) Did you have a jury trial? (check one)

    (a) Jury      ( )
    (b) Judge only      (X)

(10) Did you testify at the guilt/innocence phase of trial?    Yes ( )    No (X)

(11) Did you testify at the sentencing phase of trial?    Yes ( )    No (X)

(12) Did you appeal from the judgment of conviction?    Yes ( )    No (X)

(13) If you did appeal, answer the following questions:

    (a) Which court of appeals? N/A

    (b) What was the cause Number? N/A

    (c) What was the decision? N/A

    (d) What was the date of the decision? N/A

    (e) Did you file a petition for discretionary review?    Yes ( )    No (X)

    (f) If your answer to (e) was "yes," answer the following questions:

    (g) What was the cause number in the Court of Criminal Appeals? N/A

    (h) What was the decision? N/A

    (i) What was the date of decision? N/A

Misc. Docket No. 00-100      Page 3 of 10

00003

(14) Have you previously filed an application for writ of habeas corpus under Article 11.07 for relief from this conviction?

   Yes ( )                              No (X)

(15) If your answer to (14) was "yes," answer the following questions:

   (a) What was the Court of Criminal Appeals writ number? _N/A_

   (b) What was the decision? _N/A_

   (c) What was the date of decision? _N/A_

   (d) What is the reason the current claims were not presented and could not have been presented in an earlier application?

_N/A_

(16) Do you have any petition or appeal pending in any court, either state or federal, attacking the same conviction?

Yes ( )          No (X)

(17) If you are presenting a claim for time credit, have you presented the claim to the time credit resolution system of the Texas Department of Criminal Justice--Institutional Division?

Yes ( )          No (X)

(a) If your answer to (17) was "yes," answer the following questions:

What was the date of decision? _____N/A_____

Why are you not satisfied with the decision? _____
_____N/A_____

(b) If your answer to (17) was "no," why have you not presented the claim to the time credit resolution system of the Texas Department of Criminal Justice--Institutional Division?

_____N/A_____

(18) State <u>concisely</u> every ground on which you claim that you are being unlawfully confined. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. If necessary, you may attach pages stating additional grounds and <u>facts</u> supporting the grounds.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. The grounds you may raise are not limited to those listed below. However, you should raise in this application all available grounds (relating to this conviction) on which you base your allegations that you are being unlawfully confined.

If you claim one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not simply check any of the grounds listed below.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b)  Conviction obtained by use of coerced confession.

(c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)  Conviction obtained by a violation of the privilege against self-incrimination.

(f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)  Conviction obtained by a violation of the protection against double jeopardy.

(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and empaneled.

(i)  Denial of effective assistance of counsel. *[circled]*

(j)  Denial of right of appeal.

(k)  Denial of time credits on sentence.

(l)  Improper revocation of parole or mandatory supervision.

(m)  Illegal sentence.

(n)     Invalid or defective indictment.

(✓)     No evidence or insufficient evidence.

(A)     What is your Ground Number One: NO EVIDENCE OR INSUFFICIENT EVIDENCE

What are the FACTS (tell your story briefly without citing cases or law):

EVIDENCE FOUND AT THE SCENE OF THE CRIME COULD NOT BE DIRECTLY PROVEN TO BE CONNECTED TO THE DEFENDANT. THE MURDER WEAPON DID NOT HAVE THE DEFENDANT'S FINGERPRINTS, NOR DID IT HAVE HIS DNA AND WAS NOT IN THE POSSESSION OF THE

(B)     What is your Ground Number Two: DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

What are the FACTS (tell your story briefly without citing cases or law):

DEFENDANT'S ATTORNEY MADE NO EFFORT TO FILE FOR AN "EXAMINING TRIAL" TO HAVE ALL EVIDENCE BROUGHT FORWARD TO THE DEFENDANT'S DEFENSE OF WHAT EVIDENCE WAS GOING TO BE FORWARDED TO THE GRAND JURY FOR FORMAL INDICTMENT. IF

(C)   What is your Ground Number Three: ___N/A___

What are the FACTS (tell your story briefly without citing cases or law):

___N/A___

(D)   What is your Ground Number Four: ___N/A___

What are the FACTS (tell your story briefly without citing cases or law):

___N/A___

(CONT.) GROUND NUMBER ONE:

DEFENDANT. THE ONLY WITNESS TO THE CRIME, WAS ONLY A **HEARSAY** WITNESS. AND DID NOT ACTUALLY WITNESS ANY CRIME. ALL THE HEARSAY WITNESS'S STATEMENT SAID WAS "THAT HE HAD HEARD THEM (DEFENDANT AND VICTUM) ARGUEING EARLIER THAT DAY." SO IN ALL ACTUALITY THE HEARSAY WITNESS DID NOT WITNESS ANY CRIME AT ALL. THERE WAS ALSO ANOTHER SUSPECT TO THIS CRIME, WHO WAS NEVER ARRESTED AND WAS ALSO RELATED TO THE VICTUM AND THE DEFENDANT WHO ALSO SHARED THE ROOM WITH THE VICTUM AND THE DEFENDANT WHERE THE MURDERED VICTUM'S BODY WAS FOUND. IT WAS LATER BROUGHT OUT THAT THE D.N.A. AT THE CRIME SCENE WAS POSSIBLY THE THIRD SUSPECT'S. D.N.A.. THE DEFENDANT'S CONFESSION SHOULD HAVE NEVER BEEN ALLOWED TO BE TAKEN OR BEEN ADMISSIBLE TO USE AGAINST HIM DUE TO THE FACT THE STATE OF MIND THE DEFENDANT WAS IN. DEFENDANT WAS STILL DISORIENTED FROM THE FACT THAT HE WAS JUST TOLD THAT HIS SISTER WAS JUST MURDERED AND THAT HE WAS A SUSPECT.

00009

(1)

(CONT.) GROUND NUMBER ONE:

His confession only stated that the victim and the defendant and the third suspect had been drinking and using drugs all day and night. That the defendant had blacked-out and he stated he could have or could not have committed the crime. He did not know what could have happened due to the fact that he had no memory of the night of the crime. Due to being blacked-out because of the drugs and alcohol. The defendant's confession was not admittance to the crime.

00010

(2)

## CONT. GROUND NUMBER TWO:

DEFENSE COUNSIL HAD MADE THIS EFFORT IN A TIMELY PROCESS. THE EVIDENCE THAT HAS BEEN BROUGHT FORWARD IN "GROUND NUMBER ONE" WOULD HAVE BEEN BROUGHT TO THE JUDGE'S ATTENTION BEFORE THE FORMAL INDICTMENT WAS SERVED. ATTORNEY TOLD THE DEFENDANT THAT HE SHOULD SIGN FOR 15 YEARS DUE TO THE FACT THAT HE HAD A PRIOR CRIMINAL HISTORY AND THAT THE D.A. WAS GOING TO USE THAT AGAINST HIM AT A JURY TRIAL AND THAT THE D.A. WAS GOING TO START AT 40 YEARS, AND WOULD ONLY GO UP TO LIFE. WITH THIS THE DEFENDANTS OWN COUNSIL COERCED HIM INTO SIGNING FOR THE 15 YEARS BECAUSE HE SCARRED DEFENDANT INTO BELIEVING THAT HE WOULD RECEIVE 40 YEARS TO LIFE IF HE FOUGHT THE CASE AND TOOK IT TO TRIAL. THE DEFENSE ATTORNEY THEN TOLD DEFENDANT THAT SIGNING FOR THE 15 YEARS HE WOULD AT LEAST LIVE LONG ENOUGH TO GET OUT OF PRISON ONE DAY. DEFENSE ATTORNEY SHOULD HAVE NEVER ASKED HIS CLIENT (THE DEFENDANT) TO SIGN FOR ANY

C0011

(1)

(CONT.) GROUND NUMBER TWO:

AMOUNT OF TIME. NONE OF THE EVIDENCE, D.N.A. OR FINGERPRINTS WERE CONNECTED TO THE DEFENDANT. THE ONLY EVIDENCE WAS "HEARSAY" FROM A WITNESS WHO DID NOT WITNESS THE CRIME. ALSO, THE DETECTIVES INVOLVED IN THIS CASE, TOLD DEFENDANT THAT THE DNA POSSIBLY MATCHED THE THIRD SUSPECT. AND ASKED THE DEFENDANT ABOUT THE THIRD SUSPECT AND HIS INVOLVEMENT IN THE CRIME AND WHAT THE DEFENDANT KNEW ABOUT HIM. THIS SHOWING REASONABLE DOUBT OF DEFENDANTS INVOLVEMENT IN THE CRIME. BUT WAS NEVER BROUGHT FORTH BY DEFENDANTS ATTORNEY. THIS SHOWING INEFFECTIVE ASSISTANCE OF COUNSIL.

## Prayer

WHEREFORE, THE APPLICANT ASKS THE COURT TO CONSIDER TO BRING DEFENDANT BACK BEFORE THE COURT, TO INVESTIGATE AND TO RECONSIDER THE JUDGEMENT IN THIS CASE AND TO FUTHER INVESTIGATE THE COERCING AND INEFFECTIVE ASSISTANCE OF COUNSEL AND THE LACK OF EVIDENCE USED TO CONVICT THE DEFENDANT.

APPLICANT ONCE AGAIN ASKS THE CONVICTING COURT TO RECONSIDER AND SERVE JUSTICE BY REVERSAL OF JUDGEMENT DUE TO THIS WRIT OF HABEAS CORPUS.

Wherefore, applicant prays that the Court grant applicant relief to which he may be entitled in this proceeding.

## VERIFICATION

(Complete <u>either</u> the Oath Before Notary Public <u>or</u> the Inmate's Declaration)

Oath Before Notary Public

STATE OF TEXAS, COUNTY OF _____

_____, being first duly sworn, under oath, says: that he is the applicant in this action and knows the content of the above application and according to the applicant's belief, the foregoing allegations of the application are true.

_____
Signature of applicant

SUBSCRIBED AND SWORN TO BEFORE ME this ___ day of _____

_____
Notary Public

Inmate's Declaration,

I, __JERRY THOMAS M<sup>C</sup>CREARY__,
(inmate's name)

\# __1201405_____, being presently incarcerated in
(inmate's identifying number from TDCJ or county jail)

__DICK WARE UNIT 1681 S. FM 3525 COLORADO CITY TX__
(name of TDCJ unit or county jail)                                       __79512__

Misc. Docket No. 00-100            Page 9 of 10                    00014

declare under penalty of perjury that according to my belief the foregoing information and allegations of the application are true and correct.

Signed on    8-3-05
             (date)

                                              Jerry Mccreary
                                              Signature of applicant

N/A
Signature of attorney (if any)

Address of Attorney:
N/A